Karen L. Hoffmann, Esq.
**ELLENBERG LAW GROUP**
**ID No. 203412022**
**1500 JFK Blvd. Suite 1825**
**Philadelphia, PA 19102**
**(215) 790-1682**
**karen@sellenberglaw.com**                    *Attorneys for Plaintiff John Cossaboon*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN COSSABOON,** ) | |
| ) | **Case No. 1:25-cv-2110** |
| *Plaintiff,* ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF VINELAND; VINELAND POLICE** ) | |
| **DEPARTMENT; VINELAND MEDICAL** ) | |
| **CENTER; CUMBERLAND COUNTY JAIL;** ) | |
| **APRIL MUNSON, INDIVIDUALLY, AND IN** ) | |
| **HER CAPACITY AS AN OFFICIAL OF THE** ) | |
| **CUMBERLAND COUNTY JAIL; ERIC P.** ) | |
| **BLAZAR; JOSIAH MATRO; OFFICER** ) | |
| **FRANCISCO LEDESMA, INDIVIDUALLY** ) | |
| **AND IN HIS CAPACITY AS A POLICE** ) | |
| **OFFICER OF THE VINELAND POLICE** ) | |
| **DEPARTMENT; AND OFFICER(S) JOHN** ) | |
| **DOE(S), INDIVIDUALLY, AND IN THEIR** ) | |
| **CAPACITY AS POLICE OFFICER(S) OF** ) | |
| **THE VINELAND POLICE DEPARTMENT,** ) | |
| ) | |
| *Defendants.* ) | |

### I.    INTRODUCTION

In 1976, the Supreme Court held that "deliberate indifference to a prisoner's serious

illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105

(1976). Pretrial detainees' Fourteenth Amendment claims of inadequate medical care are

analyzed under the same standard as similar claims brought by convicted and sentenced

prisoners. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "In order to

state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 105. The Third

Circuit has found deliberate indifference where a prison official:

> (1) knows of a prisoner's need for medical treatment but intentionally refuses to
> provide it; (2) delays necessary medical treatment based on a non-medical reason;
> or (3) prevents a prisoner from receiving needed or recommended medical
> treatment. … We also have found 'deliberate indifference' to exist where the prison
> official persists in a particular course of treatment 'in the face of resultant pain and
> risk of permanent injury.'

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (internal citations omitted). The Due Process

Clause of the Fifth Amendment guarantees that individuals in the custody of the United States

will not be subject to criminal punishment without due process of law.

NOW COMES the Plaintiff John Cossaboon, through undersigned counsel, and alleges

and avers the following:

## II.    JURISDICTION AND VENUE

1.      Plaintiff John Cossaboon brings this action pursuant to 42 U.S.C. § 1983 and the

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), to exercise his

constitutional right against conditions of confinement that violate his Fourteenth and Fifth

Amendment rights under the Constitution, his rights under the ADA, and New Jersey state law.

2.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, § 1343(a)(3), §

1343(a)(4), and § 1367(a) regarding the principles of pendent and supplemental jurisdiction over

related state law claims.

3.      Venue in the District is properly laid pursuant to 28 U.S.C. § 1391, insofar as the alleged

unlawful conduct asserted in this Complaint, which forms the factual and legal basis of the

Plaintiffs claims, arose within the geographical limits of this District in general and within the geographical limits of Cumberland County, New Jersey, in particular.

## III.    PARTIES

4.    Plaintiff John Cossaboon (hereinafter "Mr. Cossaboon" or "Plaintiff") is an adult individual with a home address of 357 Fairton Millville Road, Bridgeton, NJ 08302. At all times relevant hereto, Plaintiff was medically disabled by virtue of his serious, chronic health conditions.

5.    Defendant City of Vineland, upon information and belief, is a municipal corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 640 East Wood Street, Vineland, NJ 08360, which, at all times relevant and material to this action, acted through its agents, servants, employees and representatives, acting in the course and scope of their employment pursuant to official policies, practices and customs of the defendant, City of Vineland.

6.    Defendant Vineland Police Department, upon information and belief, is a local agency with a business address of 620 East Plum Street, Vineland NJ 08360, which, at all times relevant and material to this action, acted through its agents, servants, employees and representatives acting in the course and scope of their employment pursuant to official policies, practices and customs of the City of Vineland and the Vineland Police Department.

7.    Defendant Vineland Medical Center, upon information and belief, is a corporation with a business address of 1505 West Sherman Avenue, Vineland, NJ 08360, which, at all times relevant and material to this action, acted through its agents, servants, employees and representatives acting in the course and scope of their employment pursuant to official policies, practices and customs of the Vineland Medical Center.

8.      Defendant Cumberland County Jail, upon information and belief, is a local agency with a business address of 554 West Broad St, Bridgeton, NJ 08302, which, at all times relevant and material to this action, acted through its agents, servants, employees and representatives acting in the course and scope of their employment pursuant to official policies, practices and customs of the jail.

9.      Defendant Nurse April Munson, upon information and belief, is an adult individual with a business address of 554 W Broad St, Bridgeton, NJ 08302, and is being sued in her individual capacity and in her official capacity as an official of the Cumberland County Jail.

10.     Defendant Eric P. Blazar, M.D., upon information and belief, is an adult individual with a business address of 1505 W Sherman Ave, Vineland, NJ 08360, and is being sued in his individual capacity and in his official capacity as an employee of Vineland Medical Center.

11.     Defendant Josiah Matro, RN, upon information and belief, is an adult individual with a business address of 1505 W Sherman Ave, Vineland, NJ 08360, and is being sued in his individual capacity and in his official capacity as an employee of Vineland Medical Center.

12.     Defendant Officer Francisco Ledesma, upon information and belief, is an adult individual with a business address of 620 East Plum Street, Vineland NJ 08360, and is being sued in his individual capacity and in his official capacity as an officer of the Vineland Police Department.

13.     Defendant(s) John Doe(s) were employees or agents of Defendant the City of Vineland who participated in, supervised, and/or had knowledge of and failed to intervene in the denial of prompt medical care required by Plaintiff from March 28, 2023, to April 24, 2023. They were assigned to, had supervisory responsibility for, or were present at or responded to the unit where Plaintiff was confined. At all relevant times, they were under color of state law and within the scope of their capacities as agents, servants, and employees of Defendant the City of Vineland.

## IV.    ALLEGATIONS OF FACT

14.    On September 21, 2021, Mr. Cossaboon was in a motor vehicle accident that caused severe injuries to his lower extremities. He received medical treatment for these injuries throughout 2022 and early 2023.

15.    On March 24, 2023, Mr. Cossaboon underwent a surgery to lengthen his left Achilles tendon.

16.    After his March 24, 2023, surgery, Mr. Cossaboon received detailed aftercare instructions from his medical provider, which he intended to dutifully follow so as to recover from the surgery with the best possible outcome.

17.    The detailed aftercare instructions included, but were not limited to, a requirement that Mr. Cossaboon wear a cast after the surgery, avoid bearing weight on his left ankle entirely, engage in physical therapy exercises, and return to the doctor in 14 days so that his surgical stitches might be removed.

18.    Four days after the surgery, Mr. Cossaboon was arrested by Defendant Officers Francisco Ledesma and John Doe(s) for allegedly violating a protection from abuse order.

19.    Upon his arrest, Defendant Police Officers Ledesma and Doe(s) informed Mr. Cossaboon they would need to remove his surgical cast in order to search for potential contraband.

20.    Defendant Police Officers Ledesma and Doe(s) transported Mr. Cossaboon to Defendant Vineland Medical Center, whereupon they instructed Defendant Eric P. Blazar, M.D., and Defendant Josiah Matro, RN, to remove Mr. Cossaboon's cast.

21.    Defendant Police Officers did not have a warrant, nor did they possess any official government order to remove Mr. Cossaboon's medically necessary device in order to search his person for contraband.

22.     Despite this, Defendants Blazar and Defendant Vineland Medical Center complied with the Defendant police officers' request and removed Mr. Cossaboon's medically necessary cast on his left ankle. No contraband was found under Mr. Cossaboon's cast.

23.     Defendants Blazar and Matro at Defendant Vineland Medical Center did not then properly reset Mr. Cossaboon's cast according to his surgeon's aftercare instructions; instead, they wrapped his ankle with an elastic bandage wrap which, unlike the cast, did not stabilize Mr. Cossaboon's ankle according to the post-surgery advice of his doctors.

24.     At approximately 12:00 P.M. on March 28, 2023, at the behest of Defendant Officer Ledesma, Defendant Blazar signed a form entitled "MEDICAL EVALUATION REQUEST BY PEACE OFFICER," certifying with his signature that: "At the request of the peace officer named above, I have evaluated…John Cossaboon and I am providing the peace officer named above with a copy of this statement. Based on a medical examination specifically related to the reason for the arrestee's presentation to the emergency department, I have determined that it is medically safe to detain and incarcerate the arrestee." This form did not condition Mr. Cossaboon's detention on continuing medical treatment.

25.     The abovementioned form was not signed knowingly or accurately by Defendant Blazar, who was not familiar with Mr. Cossaboon's care and rendered inappropriate medical treatment not consistent with prior treatment and who did not follow the directions of the prior treating physician.

26.     Defendant Blazar noted on the abovementioned form that Mr. Cossaboon should receive 500 mg of Keflex, an antibiotic medication, three times a day.

27.     Although the abovementioned form included a space where a physician could certify that they sent off a medication order to the pharmacy, Defendant Blazar did not so certify that Mr.

Cossaboon's Keflex prescription was sent in. A failure to transmit medical records constitutes denial of medical care to Mr. Cossaboon.

28.    Mr. Cossaboon was given patient education materials and follow-up instructions that stated: "Please follow-up with your primary care provider in 2-3 days. Return to the ER with any worsening or new symptoms. Take all medications as previously prescribed."

29.    Defendant Officers Ledesma and Doe(s) took Mr. Cossaboon to the Cumberland County Superior Court Jail, where he was held for 30 days.

30.    Over the course of the next 30 days, Defendant Cumberland County Jail and Defendant Nurse April Munson did not allow Mr. Cossaboon to follow up with his primary care provider. Nor did they allow him to return to the emergency room even as his symptoms worsened, nor allow him access to the medications he was prescribed.

31.    At the jail, Mr. Cossaboon was not given a wheelchair or another proper mobility device that would allow him to avoid bearing weight on his left ankle and thus was forced to walk on his unhealed foot a mere four days after he had undergone surgery on it.

32.    Mr. Cossaboon was not allowed to shower or otherwise bathe himself for the first 20 days of his sentence, and he was never given a change of clothes.

33.    Mr. Cossaboon was not allowed to see a social worker for at least the first 14 days of his imprisonment.

34.    Mr. Cossaboon was not allowed to see a doctor, let alone his surgeon, until he was released from the Defendant Cumberland County Jail.

35.    Mr. Cossaboon's stitches were removed only after he was released from the Defendant Cumberland County Jail, more than 30 days after his surgery, whereas his surgeon's instructions specified they were to be removed after 14 days.

36.    Mr. Cossaboon repeatedly requested a medical evaluation at a hospital outside of the Defendant Cumberland County Jail, and his requests were repeatedly denied or ignored.

37.    A Medical Department Request Form from April 19, 2023, filed by Mr. Cossaboon while incarcerated in the Cumberland County Jail, states as follows in the space designated for "Reason for the request:" "Mrs. April Munson, I am not allowed any antibiotics. Zero. Per infections disease of Cooper Hospital, Camden, NJ. Please prescribe the medications the doctors have prescribed. My surgery was successful, now a failure due to foot not recasted [sic] on 3/27/23 when cut off, also my stitches grew in. Were to removed [sic] on 4/3/23."

38.    Another Medical Department Request Form, filed by Mr. Cossaboon while incarcerated in the Cumberland County Jail states as follows in the space designated for "Reason for the request": "To see psych DR + too [sic] have stitches removed + have foot casted [sic]. Stitches were to be removed on April 3, 2023. Today is April 22, 2023. Also cast was removed on March 27, 2023 [sic] and never put back on."

39.    A third Medical Department Request Form filed by Mr. Cossaboon on April 22, 2023, f states as follows in the space designated for "Reason for the request": "Would like to see psych doctor. Also need to have stitches removed. Supposed to be removed on 4/3/23, 19 days ago. Also to have foot recasted. Cast was cut off on 3/27/23 [sic] and never put back on, causing the successful surgery to become a failure. Mrs April [Munson] refuses to give me my pain pills, wrongfully gives antibiotics… please help."

40.    By the time Mr. Cossaboon was released from Cumberland County Jail on April 24, 2023, having had his medically necessary surgical cast removed and not replaced, having missed several follow-up appointments with his surgeon, having been forced to bear weight on an extremity that had undergone surgery less than a week prior, having had surgical stitches remain

inside his body for more than two weeks longer than recommended by his surgeon, and having been denied the right to bathe himself and thus unable to keep his surgical wound clean and dressed,  Mr. Cossaboon's surgical wound expanded greatly in size and became seriously infected.

41.     A report from a surgery follow-up appointment on May 9, 2023, written by Kenneth Graf, MD, states: "Unfortunately, [Mr. Cossaboon] was doing great until he went to jail and lost his boot. He was arrested 4 days after his surgery and was in jail for 30 days, during which time he did not have any rehab for his foot. His walking boot was confiscated. His forearm crutches are also damaged. The police had the cast cut off and wrapped it with a bandage. The stitches were left in. The patient was told that this had caused some cellulitis. He is able to do whatever he wants to do, but it hurts and burns. The patient is unable to put any weight on the foot due to pain."

42.     A report from an office visit at the Cooper Multi-Specialty Center at Camden Campus on December 1, 2023, notes that Mr. Cossaboon "was incarcerated where cast/splint was removed and wound was open to air."

43.     Mr. Cossaboon's medical history reflects that his left heel remains chronically infected since acquiring an initial infection in the Defendant Cumberland County Jail.

44.     A report from an August 13, 2024, appointment for orthopedic care and a wound check on the left foot, signed by Kenneth Graf, MD, states that "the [March 24, 2023] operation was successful, but [Mr. Cossaboon] ended up being incarcerated and lost all of the rehab on it."

45.     Mr. Cossaboon now requires revision surgery on his left foot.

46.     An investigation conducted by the U.S. Department of Justice's Civil Rights Division and the U.S. Attorney's Office for the District of New Jersey concluded that there was reasonable

cause to believe that the conditions at the Cumberland County Jail violate the Eighth and Fourteenth Amendments of the Constitution because of a pattern of institutional failures relating to the jail's healthcare system.

47.    Defendant Nurse April Munson has been previously alleged to have violated inmates' Fourteenth Amendment rights to adequate medical care by failing to properly evaluate inmate injuries and continuing medical treatment she knew to be ineffective. *Rodriguez v. Tirado, et al.*, Civ. 22-1376 (RMB-MJS) (D.N.J. Apr. 28, 2022).

48.    Defendant Eric Blazar, M.D., is currently involved in ongoing medical malpractice litigation alleging that he was careless, reckless, did not have or use the appropriate care or skill and deviated from accepted medical and other professional standards in his care and treatment of patients. *See Sabella v. Blazar, et al.*, Superior Court of NJ, Civ. SLM-L-000036-24.

49.    The acts of the defendants, as described above, were performed with malice and premeditation, under color of state law, with a willful and wanton disregard for the Mr. Cossaboon's rights under the Fifth and Fourteenth Amendments to the United States Constitution, and in contravention of the letter and spirit of 42 U.S.C. §§ 1983, 1985, and 12101 *et seq.*

50.    From March 28, 2023, through April 24, 2023, and at all times relevant and material to this action, Defendants City of Vineland, City of Vineland Police Department, and Cumberland County Jail had a policy, custom and practice of not taking reasonable steps to properly train their employees and police officers, and had a policy, custom and practice of failing to properly train their police officers.

51.    From March 28, 2023, through April 24, 2023, and at all times relevant and material to this action, Defendants City of Vineland and City of Vineland Police Department failed to

properly train its police officers, including, but not limited to, Defendants Francisco Ledesma and John Doe(s), which conduct constitutes of municipal policy or custom of the City of Vineland and the City of Vineland Police Department, that amounts to deliberate indifference to the rights of people with whom its police come into contact, including Mr. Cossaboon,  which policy or custom directly caused Mr. Cossaboon to suffer constitutional deprivations.

52.    From March 28, 2023 through April 24, 2023, and at all times relevant and material to this action, Defendant Cumberland County Jail failed to properly train its officers, including, but not limited to, Defendant April Munson, which conduct constitutes municipal policy or custom of the Cumberland County Jail, that amounts to deliberate indifference to the rights of people with whom its officers come into contact, including plaintiff,  which policy or custom directly caused Mr. Cossaboon to suffer constitutional deprivations. Defendant April Munson denied medical care to an individual in her custody.

53.    As a direct and proximate result of the acts, and omissions committed by the named Defendants herein, as detailed above, and as further articulated in the paragraphs which follow, Mr. Cossaboon was caused to suffer, *inter alia*, the following harms, injuries and damages, some or all of which may be permanent and/or continuing in nature:

     a.  Loss of liberty;

     b.  Severe and chronic pain and injury;

     c.  Emotional distress and anguish;

     d.  Loss of life's pleasures; and

     e.  Loss of employment, income, and shortening of economic horizons.

54.    At all times relevant, the legal principles regarding the rights of persons, such as Mr. Cossaboon, and the contours of those Constitutional and statutory rights, were well established,

and it was not reasonable for any Defendant to believe that his or her actions would not deprive the Mr. Cossaboon of those rights.

55.     At all times during the events described herein, Defendants were engaged in one or more joint ventures which combined to produce the Constitutional violations and other harms asserted herein. The Defendants assisted each other in performing the various actions described, and lent their physical presence, support, and/or authority to one another.

56.     Mr. Cossaboon further believes and therefore avers, that without the intervention of this Honorable Court, he, as well as others, may suffer from state and federal rights violations similarly and that, consequently, injunctive relief is demanded, and required.

57.     Defendant Police Officers and Cumberland County Jail Officials – Defendants Ledesma, Munson, and Doe(s) -- individually and collectively, at all times pertinent to the claims asserted herein, acted under color of law.

58.     While acting under color of law, the Defendants deprived Mr. Cossaboon of various state and federal Constitutional rights, as more fully set forth herein.

59.     All Defendants acting for the City – Francisco Ledesma, April Munson, and John Doe(s) – are sued in their individual capacities pursuant to 42 U.S.C. § 1983 for their actions, all of which occurred under color of law and, accordingly, neither Eleventh Amendment immunity nor sovereign immunity applies.

60.     Relative to the pendant state claims asserted, Defendants Francisco Ledesma, April Munson, and John Doe(s) acts and omissions are alleged to have been committed outside the scope of their employment, and therefore are not subject to sovereign immunity. The injunctive relief sought against these Defendants is sought in their official capacities, for which they are likewise not immunized.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983
### FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

### DUE PROCESS AND CRUEL AND UNUSUAL PUNISHMENT AGAINST PRETRIAL DETAINEES
### (Against All Defendants)

61.    Plaintiff repeats and realleges the foregoing paragraphs of this complaint as if fully set forth herein.

62.    By reason of the foregoing, and by denying Plaintiff access to adequate medical care, failing to properly summon medical treatment, failing to provide medical treatment, and interfering with the Plaintiff's proper course of treatment by removing his surgical cast and incarcerating him without reapplying another surgical cast, and/or exhibiting deliberate indifference to Plaintiff's rights by not acting on information which indicated that unconstitutional acts were occurring, the Defendants deprived Plaintiff of rights, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

63.    The Defendants acted at all relevant times hereto willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifference to the clear risk of serious injury to Plaintiff. As a direct and proximate result of these violations of Plaintiff's constitutional rights, he suffered the damages hereinbefore alleged.

64.    The Officer Defendants, Defendant Munson, and Defendant(s) Doe(s) acted under pretense and color of state law and in their individual and official capacities within the scope of their respective employments as police officers, Department of Corrections officers, agents, employees, and/or contracted personnel. Said acts by Defendants were beyond the scope of their

jurisdiction, without authority of law, and in abuse of their powers. Said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fifth and Fourteenth Amendments to the United States Constitution.

65.     Defendants City of Vineland, City of Vineland Police Department and Cumberland County Jail, through their officers and employees, acting under the pretense and color of law, permitted, tolerated, and were deliberately indifferent to a pattern and practice of medical neglect towards incarcerated people with serious medical needs, and to a pattern and practice of medical neglect, deliberate indifference, and negligence by officers and medical personnel towards the serious medical needs of incarcerated people at the time of Plaintiff's incarceration. Defendants denied people in their custody with significant health needs appropriate and timely medical care, monitoring, and assessment.

66.     Defendants City of Vineland, City of Vineland Police Department and Cumberland County Jail, and their officers and employees, acting under the pretense and color of law, permitted, tolerated, and were deliberately indifferent to a pattern and practice of negligent response to medical emergencies by incarcerated people in their custody.

67.     This widespread tolerance of abuse and neglect constituted municipal and corporate policy, practice, and custom, and was a proximate cause of Plaintiff's mistreatment and injury.

68.     By pursuing, permitting, tolerating, and sanctioning persistent and widespread policies, practices, and customs pursuant to which Plaintiff was denied medical care and had his medical care interfered with, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

69.     By removing Plaintiff's cast without a warrant in absence of exigent circumstances, all Defendants acting for the City of Vineland violated Plaintiff's Fourth Amendment rights.

70.     As a direct and proximate result of the misconduct and abuses of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff, John Cossaboon, demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## SECOND CLAIM FOR RELIEF

**Title II of the Americans with Disabilities Act, 42 U.S.C 12101, *et seq*.**

**(Against City of Vineland, City of Vineland Police Department, Cumberland County Jail, Officer Ledesma, Officer Doe(s), and April Munson)**

71.     Plaintiff repeats and realleges the foregoing paragraphs of this complaint as if fully set forth herein.

72.     Title II of the ADA states, in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132." Public entities include state and local governments, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1).

73.     Disability discrimination under Title II includes the refusal to make reasonable modifications to policies, practices, and procedures where necessary to ensure that persons with disabilities do not experience discrimination. 28 C.F.R. § 35.130(b)(7).

74.     At all relevant times, Defendants City of Vineland and the Cumberland County Jail were a "public entity" within the meaning of Title II of the ADA.

75.     At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of Title II of the ADA. See 42 U.S.C. § 12102. He had serious, chronic health conditions that substantially limited his major life activities, including a recent major surgery that necessitated the temporary use of a wheelchair, and he was incarcerated in Cumberland County Jail and thus qualified to participate in the programs, services, and facilities of DOC activities, including but not limited to, access to appropriate medical housing, appropriate medical care, and necessary, life-saving medical treatment.

76.     Defendant City of Vineland denied Plaintiff reasonable modifications necessary to avoid discrimination against him due to his disability by failing to provide him with the essential medical services necessary to prevent his health from precipitous decline, culminating with his chronic infection.

77.     Defendants discriminated against Plaintiff because of his disability. They denied him requisite medical services, including but not limited to denying him medical housing, denying him access to his follow-up surgery appointments, denying him access to appropriate medical care, and denying him prompt response to medical emergencies, as detailed in the preceding paragraphs.

78.     Defendants were deliberately indifferent to Plaintiff's rights secured by the ADA.

79.     Defendants' failure to provide Plaintiff with reasonable accommodations caused him unnecessary pain and suffering, increased the severity of his medical conditions, and caused his successful surgery to become a failure.

80.     The harm suffered by Plaintiff due to this violation is irreparable.

81.     As a result of the above-described actions by Defendants, Plaintiff has suffered damages, both physical and emotional.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

### THIRD CLAIM FOR RELIEF

**Negligence**

**(Against All Defendants)**

82.     Plaintiff repeats and realleges the foregoing paragraphs of this complaint as if fully set forth herein.

83.     Defendants owed a duty of care to Plaintiff as a patient at Vineland Medical Center and an inmate at Cumberland County Jail.

84.     Defendant Vineland Medical Center and Defendant Blazar breached the duty of care that it owed to Plaintiff by removing a medically necessary cast for no reason other than a frivolous police request and medically clearing him for incarceration despite his known medically vulnerable status and chronic medical conditions.

85.     Defendants City of Vineland, City of Vineland Police Department, and Cumberland County Jail breached the duty of care that they owed to Plaintiff by failing to place him in medically appropriate housing despite his serious, chronic medical conditions, known medically vulnerable status, and worsening health, and failed to provide him with adequate or timely medical care, and failed to respond to his medical emergencies with timely assistance.

86.     The Officer Defendants Ledesma and Doe(s) breached their duty of care to Plaintiff by interfering with the course of his medical treatment by transporting him to the hospital, removing his cast, and then transporting him to the jail where his health would decline precipitously.

87.     Defendant Nurse April Munson breached the duty of care she owed to Plaintiff by denying him access to prompt and adequate medical care.

88.    All Defendants breached the duty of care that they owed to Plaintiff by denying him access to prompt and adequate medical care.

89.    Defendants' breach of their duty of care was a proximate cause of Plaintiff's severe pain and suffering and emotional distress.

90.    Defendant the City of Vineland, as employer of the Officer Defendants, is responsible for their negligence under the doctrine of *respondeat superior*.

91.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## FOURTH CLAIM FOR RELIEF

*Article 1, Paragraph 1 of the New Jersey Constitution* **(Due Process) (brought directly under the New Jersey Constitution and pursuant to N.J.S.A. 10:6-2(c))**

**(Against City of Vineland, City of Vineland Police Department, Cumberland County Jail, Officer Ledesma, Officer Doe(s), and April Munson)**

92.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

93.    Article I, Paragraph 1, of the New Jersey Constitution provides: "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness."

94.     Within the rights protected by Article I, Paragraph 1 of the New Jersey Constitution is the right of pre-trial detainees to be free from conditions that would amount to cruel and unusual punishment.

95.     The repeated withholding of adequate healthcare from Plaintiff violates Article I, Paragraph 1 of the New Jersey Constitution.

96.     The harm suffered by Plaintiff due to this violation is irreparable.

97.     As a result of the described actions by Defendants, Plaintiff has suffered damages, including physical injuries and emotional distress.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## FIFTH CLAIM FOR RELIEF

*Article 1, Paragraph 12 of the New Jersey Constitution* **(No cruel and unusual punishment)**
**(brought directly under the New Jersey Constitution and pursuant to N.J.S.A. 10:6-2(c))**

**(Against City of Vineland, City of Vineland Police Department, Cumberland County Jail, Officer Ledesma, Officer Doe(s), and April Munson)**

98.     Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

99.     The actions of defendants described herein violate Article I, Paragraph 12 of the New Jersey Constitution, which provides that "cruel and unusual punishments shall not be inflicted …."

100.    The harm suffered by Plaintiff due to this violation is irreparable. As a result of the described actions by Defendant, Plaintiff has suffered damages, including physical injury and emotional distress.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## SIXTH CLAIM FOR RELIEF

### *Law Against Discrimination* (N.J.S.A 10:5-1 to 14.1)

**(Against City of Vineland, City of Vineland Police Department, Cumberland County Jail, Officer Ledesma, Officer Doe(s), and April Munson)**

101.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

102.    Defendant Cumberland County Jail constitutes a place of public accommodation within the meaning of the New Jersey Law Against Discrimination, N.J.S.A 10:5-1 to 14.1.

103.    Plaintiff is disabled within the meaning of the New Jersey Law Against Discrimination, N.J.S.A 10:5-1 to 14.1.

104.    The actions of Defendants violate the New Jersey Law Against Discrimination, which provides:

> All persons shall have the opportunity to obtain employment, and to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, public housing accommodation, and other real property without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity or expression or source of lawful income used for rental or mortgage payments, subject only to conditions and limitations applicable alike to all persons. This opportunity is recognized as and declared to be a civil right.

105.    The harm suffered by Plaintiff due to this violation is irreparable.

106.    As a result of the described actions by Defendants, Plaintiff has suffered damages, including physical injuries and emotional distress.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## SEVENTH CLAIM FOR RELIEF

### MEDICAL MALPRACTICE

### (Against Defendants Blazar, Matro, Munson, and Vineland Medical Center)

107.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

108.    On March 28, 2023, at Defendant Vineland Medical Center, Defendants Blazar and Matro followed the directions of police officers in the treatment of a patient, Plaintiff, and in so doing interrupted the existing treatment Plaintiff was undergoing at that time.

109.    Defendants Blazar, Matro, and Vineland Medical Center rendered treatment inconsistent with Plaintiff's prior treatment.

110.    Defendants Blazar, Matro, and Vineland Medical Center removed Plaintiff's surgical cast to fulfill the police officers' request to search for contraband under said cast, instead of offering a less invasive treatment, like an X-Ray, which would have served the same purpose of searching under his cast without needing to remove it.

111.    Defendants Blazar, Matro, and Vineland Medical Center still subjected Plaintiff to an X-Ray, rendering the decision to remove his surgical cast completely unnecessary.

112.    Upon information and belief, Defendant Blazar is not an orthopedic surgeon, and Defendant Blazar deviated from the orthopedic care specifically prescribed to Plaintiff by his own surgeon.

113.    Upon information and belief, Defendants did not consult Plaintiff's prior medical history before rendering treatment.

114.    Defendants Blazar, Matro, Munson, and Vineland Medical Center rendered medically inappropriate treatment to Plaintiff that did not meet professional standards and resulted in permanent damage to the Plaintiff.

115.    Defendants owed Plaintiff a medical duty of care and had a position of professional care over Plaintiff.

116.    Defendants breached their professional duty of care by deviating from accepted standards of care in the medical industry.

117.    Defendants' breach of medical duty gave Plaintiff permanent physical injuries, emotional distress, large medical bills and a loss of life's pleasures.

118.    Had Defendants not interfered with Plaintiff's ongoing course of treatment prescribed by his orthopedic surgeon, Plaintiff would not have suffered the abovementioned damages.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

<u>**EIGHTH CLAIM FOR RELIEF**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants)**

119.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

120.    The aforesaid actions of Defendants were extreme and outrageous, and caused severe emotional distress to Plaintiff, with reckless disregard for the consequences and with reckless disregard for the rights, safety and well-being of Plaintiff.

121.    The aforesaid actions of the defendants went beyond the threshold of decency and the realm of intolerable cruelty.

122.    As a direct and proximate result of the aforesaid tortious actions of the defendants, Plaintiff has suffered indignities, humiliation, emotional distress and mental anguish.

123.    The actions of the defendants, as set forth above, toward Plaintiff were intentional, willful, wanton and done with a reckless indifference to the rights of Plaintiff, and warrant the imposition of punitive damages.

WHEREFORE, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## NINTH CLAIM FOR RELIEF

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against all Defendants)**

124.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

125.    Defendants owed Plaintiff a duty of care, breached that duty, and caused Plaintiff to suffer severe emotional distress, which was the direct and proximate result of Defendants' breach of duty.

126.    The actions of the Defendants constitute the tort of negligent infliction of emotional distress under the laws of the state of New Jersey.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

### TENTH CLAIM FOR RELIEF

### EQUAL PROTECTION
### (Against Cumberland County Jail )

127.    Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

128.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution states that no state shall deny to any person within its jurisdiction equal protection of the laws.

129.    At all times relevant hereto, Plaintiff was a member of a protected class.

130.    At all times relevant hereto, Plaintiff received treatment different from the treatment provided to other inmates.

131.    Plaintiff was denied adequate medical treatment.

132.    As a result, Plaintiff sustained great personal injury, deterioration of general, health, severe and intense pain and suffering, and emotional distress.

**WHEREFORE**, Plaintiff John Cossaboon demands judgment in his favor and against the defendants, for compensatory damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

### V.    REQUESTED RELIEF

**WHEREFORE**, Plaintiff John Cossaboon respectfully requests:

A.    Actual and compensatory damages sufficient to make him whole;

B.    Punitive damages against all Defendants to punish them and deter further wrongdoing;

C.  Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other

applicable law; and

D.  Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

Dated: March 27, 2025                          Respectfully submitted,

                                               */s/ Karen L. Hoffmann*
                                               Karen L. Hoffmann, Esq.
                                               ELLENBERG LAW GROUP
                                               ID No. 203412022
                                               1500 JFK Blvd. Suite 1825
                                               Philadelphia, PA 19102
                                               (215) 790-1682
                                               karen@sellenberglaw.com