# BARKER, GELFAND, JAMES & SARVAS

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

*Atlantic County Office:*
210 New Road
Linwood Greene – Suite 12
Linwood, New Jersey 08221
(609) 601-8677
(609) 601-8577 – Telefax

A. MICHAEL BARKER *
TODD J. GELFAND **
VANESSA E. JAMES **+
JEFFREY P. SARVAS

GREG DILORENZO
ADAM E. BARKER

*Burlington County Office:*
1 Eves Drive, Suite 111
Marlton, New Jersey 08053
(609) 601-8677
(609) 601-8577 – Telefax
E-Mail:
TGelfand@BarkerLawFirm.net
*By Appointment Only*

*Gloucester County Office:*
91 Circle Avenue
Pitman, New Jersey 08071
(856) 244-1854
Email: VJames@BarkerLawFirm.net
*By Appointment Only*

* CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
** LICENSED TO PRACTICE IN PENNSYLVANIA
+ ASSOCIATION OF WORKPLACE INVESTIGATORS – CERTIFICATE HOLDER

Website: www.barkerlawfirm.net
e-mail:  AMBarker@BarkerLawFirm.net

**PLEASE REPLY TO**
**ATLANTIC COUNTY OFFICE**

May 6, 2025

The Honorable Renée Marie Bumb, Chief U.S.D.C
United States District Court – District for New Jersey

    Re:    JOHN COSSABOON v. CITY OF VINELAND; VINELAND POLICE DEPARTMENT; VINELAND MEDICAL CENTER; CUMBERLAND COUNTY JAIL; CFG HEALTH SYSTEMS, LLC; APRIL MUNSON; CHRISTA BOGAN; KIM SEGERS; ERIC P. BLAZAR; JOSIAH MATRO; CHARLES E. ALBINO, INDIVIDUALLY AND IN HIS CAPACITY AS AN OFFICIAL OF THE CUMBERLAND COUNTY JAIL; RONALD D. RIGGINS, INDIVIDUALLY AND IN HIS CAPACITY AS AN OFFICIAL OF THE CUMBERLAND COUNTY JAIL; OFFICER FRANCISCO LEDESMA, INDIVIDUALLY AND IN HIS CAPACITY AS A POLICE OFFICER OF THE VINELAND POLICE DEPARTMENT; AND OFFICER(S) JOHN DOE(S), INDIVIDUALLY, AND IN THEIR CAPACITY AS POLICE OFFICER(S) ) OF THE VINELAND POLICE DEPARTMENT,
Docket Number: 1:25-cv-2110

Dear Judge Bumb:

    Our office was assigned to represent Defendants Cumberland County Jail, Charles Albino, and Ronald Riggins in the above-referenced matter. Pursuant to the Court's Judicial Preferences, please accept this pre-motion letter indicating our intention to file a R. 12(b)(6) motion to dismiss on behalf of Defendants Cumberland County, Albino, and Riggins.

Page 2
May 6, 2025.
Re: Docket Number: 1:25-cv-2110

    A. <u>Albino and Riggins should be dismissed entirely based on the statute of limitations</u>

Plaintiff's Amended Complaint alleges claims that accrued between March 28, 2023, and April 24, 2023. The initial Complaint was filed on March 27, 2025. The initial Complaint did not name Charles Albino or Ronald Riggins as Defendants. The only ficticious parties named were John Doe Police Officers of the Vineland Police Department. Neither Albino nor Riggins are officers or employees of the Vineland Police Department. The Amended Complaint naming Defendants Albino and Riggins was filed on April 28, 2025, more than two years after Plaintiff's claims accrued. Plaintiff's claims against Defendants Albino and Riggins are barred based on the two-year statute of limitations. New Jersey's fictitious party rule is not available because John Doe Vineland Police Officers does not describe Albino or Riggins; and the relation back rule does not apply because Albino and Riggins are completely new defendants, they are not replacing mistakenly identified defendants from the original Complaint.

    B. <u>The official capacity claims against Albino and Riggins should be dismissed.</u>

Additionally, the Amended Complaint names Albino and Riggins in their official and individual capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Garcia v. Phila. DA Office</u>, No. 23-1224, 2023 U.S. App. LEXIS 13505, at *4-5 (3d Cir. June 1, 2023), *quoting*, <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Plaintiff has named Cumberland County Jail as a Defendant, which is essentially a claim against Cumberland County. *See*, <u>Gault v. Rigoli</u>, No. 23-22946 (RMB-MJS), 2024 U.S. Dist. LEXIS 172137, at *2 (D.N.J. Sep. 24, 2024) ("The Court construes the § 1983 claims against Cumberland County Department of Corrections as *Monell* claims against Cumberland County."). The official capacity claims should be dismissed as duplicative of the claims against the Cumberland County Jail.

    C. <u>The individual capacity claims against Albino and Riggins should be dismissed.</u>

As far as the individual capacity claims against Albino and Riggins, Plaintiff's Amended Complaint pleads no facts regarding their involvement in any of the claims asserted other than to say they were supervisors at the Cumberland County Jail. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009). "An essential element of [a] plaintiff's cause of action for negligence, or for that matter for any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." <u>Jutrowski v. Twp. of Riverdale</u>, 904 F.3d 280, 289-90 (3d Cir. 2018), *quoting*, W. Page Keeton

Page 3
May 6, 2025.
Re: Docket Number: 1:25-cv-2110

et al., *Prosser and Keeton on Torts* 263 (5th ed., 1984). The Amended Complaint fails to state a cause of actions against Albino and Riggins.

  D. <u>All claims alleging sexual harassment related conduct by a social worker should be dismissed</u>

Plaintiff's Amended Complaint alleges that a county social worker rubbed Plaintiff's shoulders and smelled Plaintiff's hair. The social worker is identified as a defendant in the body of the Amended Complaint but is not named in the caption of the Amended Complaint. Plaintiff's original Complaint did not allege any facts or claims regarding sexual harassment by a social worker and did not name the social worker as a defendant or a fictitious party. These are entirely new claims that did not arise out of any of the conduct alleged in the original Complaint which was all related only to Plaintiff's medical care. Although New Jersey extended the statute of limitations for sexual assault and crimes of a sexual nature, rubbing one's shoulder and smelling their hair does not meet the definition of sexual assault or any other crime of a sexual nature. To the extent such conduct could be deemed sexual harassment, the two-year statute of limitations applies to such claims and the statute of limitations has expired. Counts 1, 2, and 3, all appear to be claims relating to the alleged conduct of the social worker, and these counts are also targeted at Cumberland County, Albino, and Riggins. Counts 1, 2, and 3 should be dismissed. Any other count wherein such conduct by a social worker is alluded to, such as in Count 4, those claims should also be dismissed.

  E. <u>All other state tort claims should be dismissed because Plaintiff did not serve a timely Notice of Tort Claim.</u>

The New Jersey Tort Claims Act requires claimants to serve public entities with a Notice of Tort Claim within 90 days of the alleged injury. Plaintiff's Amended Complaint does not indicate that any such Notice was served. Counts 2, 3, 6, 7, 11, 12 all assert state tort claims that should be dismissed.

  F. <u>Any claim based on the Fourth and Fifth Amendments should be dismissed.</u>

As a pretrial detainee, only the Fourteenth Amendment applies to the civil rights claims asserted by Plaintiff. The Fourth Amendment applies prior to arrest and the Fifth Amendment applies only to Federal actors. The Fourth and Fifth Amendment claims should be dismissed.

By:   s/*A. Michael Barker*
       A. Michael Barker, Esquire