Atty ID 900442012
Greg DiLorenzo, Esquire
210 New Road, Ste. 12
Linwood, New Jersey 08221
gdilorenzo@barkerlawfirm.net
Attorney for Defendant Charles Albino

| | |
|---|---|
| John Cossaboon,<br><br>      Plaintiff,<br>v.<br><br>Charles E. Albino; CFG Health Systems, LLC; and April Munson,<br><br>      Defendants. | UNITED STATES DISTRICT COURT<br>CAMDEN VICINAGE<br><br>DOCKET: 1:25-cv-2110 |

---

# BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT BY CHARLES ALBINO

---

On the Brief:

   A. Michael Barker, Esq.
   Greg DiLorenzo, Esq.

# TABLE OF CONTENTS

I. Introduction ................................................................................................... 1

II. Standard of Review ....................................................................................... 2

III. Legal Argument ............................................................................................. 3

    A. Plaintiff's claims against Albino are barred by the Statute of Limitations ................................................................................................ 3

    B. Albino cannot be individually liable based on a theory of supervisory liability ........................................................................................................ 8

IV. Conclusion ................................................................................................... 14

# TABLE OF CITATIONS

A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,
 372 F.3d 572 (3d Cir. 2004) .............................................................................. 11,12

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ........................................................................................ *passim*

Baker v. Monroe Township,
 50 F.3d 1186 (3d Cir. 1995) ..................................................................................... 12

Baraka v. McGreevey,
 481 F.3d 187 (3d Cir. 2007) ..................................................................................... 13

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544 (2007) ................................................................................................... 2

Brown v. Grabowski,
 922 F.2d 1097 (3d Cir. 1990) ................................................................................... 11

Campbell v. Cty. Of Morris,
 852 F. App'x 73 (3d Cir. 2021) .................................................................................. 3

Chinchello v. Fenton,
 805 F.2d 126 (3d Cir. 1986) ............................................................................ 10,11,12

Colburn v. Upper Darby Twp.,
 946 F.2d 1017 (3d Cir. 1991) ................................................................................... 12

DeGroat v. DeFebo,
 87 F. Supp. 3d 706 (M.D. Pa. 2015) ........................................................................ 11

DeRienzo v. Harvard Indus.,
 357 F.3d 348 (3d Cir. 2004) ................................................................................... 6,7

Ealy v. Schell,
 No. 3:24-CV-0126, 2024 U.S. Dist. LEXIS 64990 (M.D. Pa. Apr. 9, 2024) ... 12,13

Edwards v. Northampton Cnty.,
 663 F. App'x 132 (3d Cir. 2016) .............................................................................. 12

Evancho v. Fisher,
    423 F.3d 347 (3d Cir. 2005) .................................................................................. 11

Farmer v. Brennan,
    511 U.S. 825 (1994) ............................................................................................. 13

Fried v. JPMorgan Chase & Co.,
    850 F.3d 590 (3d Cir. 2017) .................................................................................... 3

Hicks v. Camden Cty.,
    Civil Action No. 16-3436 (JBS/JS), 2017 U.S. Dist. LEXIS 1891 (D.N.J. Jan.
        6, 2017) ............................................................................................................. 11

Kach v. Hose,
    589 F.3d 626 (3d Cir. 2009) .................................................................................... 3

Lewis v. Hyland,
    554 F.2d 93 (3d Cir. 1977), *cert. denied*, 434 U.S. 931 (1977) ............................... 9

McGill v. Doe,
    541 F. App'x 225 (3d Cir. 2013) ............................................................................. 7

Miller v. Hartfield,
    No. 3:23-CV-3041-KHJ-MTP, 2024 U.S. Dist. LEXIS 78421 (S.D. Miss.
        Apr. 30, 2024) .................................................................................................... 4

Parker v. Butler Cnty.,
    832 F. App'x 777 (3d Cir. 2020) ........................................................................... 13

Porter v. Pa. Dep't of Corr.,
    974 F.3d 431 (3d Cir. 2020) .................................................................................. 13

Quinones v. Commissioner,
    No. 23-CV-5176, 2024 U.S. Dist. LEXIS 47958 (E.D. Pa. Mar. 19, 2024) .......... 13

Rizzo v. Goode,
    423 U.S. 362 (1976) ....................................................................................... 8,9,10

Sameric Corp. v. City of Philadelphia,
    142 F.3d 582 (3d Cir. 1998) .................................................................................... 3

Santiago v. Warminster Twp.,
    629 F.3d 121 (3d Cir. 2010) .................................................................................. 12

Thomas v. City of Harrisburg,
    88 F.4th 275 (3d Cir. 2023) .................................................................................... 13

Wholaver v. Sorber,
    No. 22-3190, 2023 U.S. App. LEXIS 29896 (3d Cir. Nov. 9, 2023) ...................... 13

## Statutes and Rules

F.R.C.P. 12(b)(6) ..................................................................................................... 1,2

42 U.S.C. § 1983 ................................................................................................. *passim*

F.R.C.P. 8(a)(2) ........................................................................................................... 2

N.J. S.A. § 2A:14-2 ..................................................................................................... 3

F.R.C.P. 15(c)(1) ......................................................................................................... 4

F.R.C.P. 15(c)(1)(B) ................................................................................................. 4,5

F.R.C.P.. 15(c)(1)(C) ................................................................................................... 5

F.R.C.P. 15(c)(1)(C) ................................................................................................... 5

F.R.C.P. 15(c)(1)(A) ................................................................................................ 5,6

N.J. Ct. R. 4:26-4 ......................................................................................................... 6

# INTRODUCTION

In the Second Amended Complaint, John Cossaboon (hereinafter "Plaintiff") alleges he was a pretrial detainee at the Cumberland County Jail and did not receive adequate medical treatment from March 28, 2023, to April 24, 2023. Plaintiff asserts a 42 U.S.C. §1983 claim (Counts One and Six) based on the Fourteenth Amendment against Charles Albino (hereinafter "Albino") who was the Director of the Cumberland County Jail during the relevant time frame. Plaintiff also asserts an analogous New Jersey Civil Rights Act claim (Count Two) against Albino. The Second Amended Complaint ("SAC") names Albino as a Defendant in his individual capacity only.

Pursuant to F.R.C.P. 12(b)(6), Albino moves to dismiss the §1983 and New Jersey Civil Rights Act claims asserted against him based on (1) the statute of limitations, and (2) Plaintiff has not sufficiently alleged an individual capacity supervisory liability claim against Albino.[1]

---

[1] The Second Amended Complaint also asserts a New Jersey Law Against Discrimination claim against Albino. During the Pre-motion Conference held on August 28, 2025, the Court requested that Defendants not brief any state law claims. The Court indicated Defendants may address the state law claims at a later date if the federal claims are not dismissed and the Court retains jurisdiction over all claims. Albino reserves the right to move to dismiss the NJLAD claims if necessary.

## I. STANDARD OF REVIEW

F.R.C.P. 8(a)(2), provides a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). To survive a motion to dismiss under F.R.C.P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal at 678 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., *quoting*, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal at 678, *quoting*, Twombly at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement.'" Iqbal at 678, *quoting*, Twombly at 557.

## II.  LEGAL ARGUMENT[2]

A.  <u>Plaintiff's claims against Albino are barred by the Statute of Limitations</u>

"While a statute-of-limitations defense must typically be raised in the answer, our Circuit allows a Rule 12(b)(6) dismissal if it is apparent from the face of the complaint that 'the cause of action has not been brought within the statute of limitations.'" <u>Campbell v. Cty. of Morris</u>, 852 F. App'x 73, 75 (3d Cir. 2021), *quoting*, <u>Fried v. JPMorgan Chase & Co.</u>, 850 F.3d 590, 604 (3d Cir. 2017). "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." <u>Id.</u>, *citing*, <u>Kach v. Hose</u>, 589 F.3d 626, 639 (3d Cir. 2009). "Here the claims are based on conduct in New Jersey, where the statute of limitations for a personal injury claim is two years. <u>Id.</u>, *citing*, <u>N.J. Stat. Ann.</u> § 2A:14-2. "The clock begins when a claim accrues—that is 'when the plaintiff knew or should have known of the injury upon which its action is based.'" <u>Id.</u>, *quoting*, <u>Kach</u>, 589 F.3d at 634 (*quoting*, <u>Sameric Corp. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998)).

The SAC alleges claims that accrued between March 28, 2023, and April 24, 2023. The initial Complaint was filed on March 27, 2025. The initial Complaint did not name Charles Albino as a Defendant. The only fictious parties named were John Doe Police

---

[2] "Since '[t]he [NJCRA] is interpreted analogously to § 1983[;]' the NJCRA claims 'rise and fall with [the] parallel § 1983 claims.' Thus, this Court analyzes Plaintiff's NJCRA and § 1983 claims together." <u>Southey v. Twp. of Vernon</u>, Civil Action No. 21-11844 (JXN) (JBC), 2025 U.S. Dist. LEXIS 87170, at *6 n.3 (D.N.J. May 7, 2025), *quoting*, <u>Mervilus v. Union Cnty.</u>, 73 F.4th 185, 193 n.4 (3d Cir. 2023); <u>Burt v. Bolden</u>, No. 25-2265, 2025 U.S. Dist. LEXIS 68217, 2025 WL 1065480, at *2 n.2 (D.N.J. April 9, 2025) (internal citations omitted).

3

Officers of the Vineland Police Department. Albino is not an officer or employee of the Vineland Police Department.

Plaintiff filed the first Amended Complaint on April 28, 2025, more than two years after Plaintiff's claims accrued. The first Amended Complaint was the first time Albino was named as a defendant. In response to the first Amended Complaint, Albino raised the Statute of Limitations defense in a Pre-motion to Dismiss letter and during a Pre-motion Conference. In response to the Pre-motion Conference relating to the first Amended Complaint, Plaintiff agreed to re-evaluate the claims and submit a second amended complaint. Although the SAC dropped some of the defendants and claims asserted in the first Amended Complaint, the SAC did not drop Albino as a Defendant.

The claims against Albino in the SAC are barred based on the two-year statute of limitations. Adding new *defendants* after the statute of limitations has expired is a different issue than adding new *claims* against already existing defendants after the statute of limitations.

The relation back provisions of F.R.C.P. 15(c)(1) are unavailing to Plaintiff. R. 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a *claim* or *defense* that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." (Emphasis added). This provision, standing on its own, is not applicable to amendments that add new defendants, it is only applicable to amendments that add new claims against already existing defendants. *See, i.e.*, Miller v. Hartfield, No. 3:23-CV-3041-KHJ-MTP,

4

2024 U.S. Dist. LEXIS 78421, at *7 (S.D. Miss. Apr. 30, 2024) ("Rule 15(c)(1)(B) is inapplicable because the Amended Complaint added new parties.").

Although R. 15(c)(1)(B) is not directly applicable, it is prerequisite to adding new defendants pursuant to R. 15(c)(1)(C). However, R. 15(c)(1)(C) is also unavailing. Although R. 15(c)(1)(C) does apply to amendments adding new defendants, it only applies to amendments seeking to *change* a party or *correct a misidentified* party; it does not apply to naming entirely new defendants.

> An amendment to a pleading relates back to the date of the original pleading when: […] the amendment *changes the party or the naming of the party* against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; *and* (ii) knew or should have known that the action would have been brought against it, but for *a mistake concerning the proper party's identity*.

F.R.C.P. 15(c)(1)(C) (emphasis added). The SAC names Albino as a completely new defendant. The SAC does not seek to change an incorrect party or a mistaken party. For example, if the original Complaint named "Director Ronald Riggins" (Ronald Riggins was the Warden at the jail), but later learned that the Director was actually Charles Albino, then perhaps, arguably, Plaintiff could amend the complaint to fix that mistake. That is not the case here. There is no indication in the original Complaint that Plaintiff intended to name the Director of the Cumberland County Jail as a defendant.

The final way an amendment relates back to the original pleading is provided by F.R.C.P. 15(c)(1)(A) which allows a plaintiff to take advantage of New Jersey's more generous relation back statute. "An amendment to a pleading relates back to the date of the

5

original pleading when the law that provides the applicable statute of limitations allows relation back." F.R.C.P. 15(c)(1)(A).

> Generally, the applicable limitations law will be state law … Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

DeRienzo v. Harvard Indus., 357 F.3d 348, 353 n. 8 (3d Cir. 2004), *quoting*, Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment. Unlike the Federal Rules, New Jersey generously permits plaintiffs to use fictitious parties to hold the place of unknown or unidentified parties.

> Personal injury tort actions in New Jersey are governed by a two-year statute of limitations, N.J.S.A. 2A:14-2, but the statute may be tolled if the plaintiff invokes the New Jersey fictitious party rule ***before expiration of the limitations period.***

DeRienzo v. Harvard Indus., 357 F.3d 348, 353 (3d Cir. 2004) (emphasis added), *citing*, N.J. Ct. R. 4:26-4.

> In any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.

N.J. Ct. R. 4:26-4.

> The fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint. *Farrell v. Votator Div. of Chemetron Corp.,* 62 N.J. 111 (N.J. 1973); *Claypotch v. Heller, Inc.,* 360 N.J. Super. 472 (App. Div. 2003). But N.J.R. 4:26-4 is not available if a plaintiff should have known, by exercise of due diligence, defendant's identity prior to the expiration of the statute of limitations. *Mears v. Sandoz Pharms., Inc.,* 300 N.J. Super. 622 (App. Div. 1997). The fictitious name designation also must have appended to it "an appropriate description sufficient to identify" the defendant. *Rutkowski v. Liberty Mut. Ins. Co.,* 209 N.J. Super. 140, 506 A.2d

>1302, 1306-07 (App. Div. 1986). Furthermore, application of N.J.R. 4:26-4 must not prejudice the defendant. *Farrell,* 299 A.2d at 400; *Mears,* 693 A.2d at 563-64.

DeRienzo at 353-354. In this case, the only fictitious parties named in the original Complaint were "John Doe Police Officers of the Vineland Police Department." John Doe Vineland Police Officers are not descriptive of the Director of the Cumberland County Jail. There is no indication from the original Complaint that Plaintiff had any intention of naming Charles Albino as a defendant.

>The relation back rule under New Jersey's Rule 4:9-3 is not in play here. The Rule "permits the addition of a new claim or a new party when the initial complaint did not contemplate the need for such an amendment," *Viviano* [*v. CBS, Inc.*, 503 A.2d 296, 301, 304 (N.J. 1986)], <u>such as where there was a mistake as to the identity of the proper party</u>, N.J.R. 4:9-3.

McGill v. Doe, 541 F. App'x 225, 227-28 (3d Cir. 2013) (emphasis added). Moreover, the New Jersey fictitious party rule is not intended to be a place holder to name anyone that may be discovered later as a defendant; rather, it is intended to be a place holder for a specific individual that a Plaintiff intends to sue but does not know that party's true identity at the time of the filing of the complaint.

New Jersey's fictitious party rule is not available because John Doe Vineland Police Officers does not describe Director Albino; and the relation back rule does not apply because Albino is a completely new defendant named after the statute of limitations expired; he is not replacing mistakenly identified defendant named in the original Complaint.

7

> B. <u>Albino cannot be individually liable based on a theory of supervisory liability</u>

Plaintiff asserts a claim of supervisory liability against Defendant Director Albino in is *individual capacity* under 42 U.S.C. §1983. 42 U.S.C. §1983 (hereinafter abbreviated to §1983) states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress […].

The United States Supreme Court has held, in unequivocal terms, that a public official cannot be held individually liable under §1983 for the actions of a subordinate unless the public official was affirmatively involved in the underlying constitutional tort. In 1976, Justice Blackmun, *dissenting*, determined, "the Court today appears to assert that a state official is not subject to the strictures of 42 U.S.C. § 1983 unless he directs the deprivation of constitutional rights." <u>Rizzo v. Goode</u>, 423 U.S. 362, 384 (1976) (J. Blackmun, *dissenting*). In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Court reiterated the <u>Rizzo</u> holding:

> Because vicarious or supervisor liability **is inapplicable** to <u>Bivens</u> and [§]1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, **has violated** the Constitution.

<u>Id.</u> at 676 (emphasis added). "Petitioners cannot be held liable unless **they themselves acted** on account of a constitutionally protected characteristic." <u>Id.</u> at 683 (emphasis added).

8

The Supreme Court could not have made it clearer that individual supervisory liability claims are not actionable in any §1983 action unless there is affirmative conduct or direct involvement in the underlying constitutional violation:

> [Respondent] argues that, under a theory of "supervisory liability," petitioners can be liable for "**knowledge and acquiescence** in their subordinates' use of discriminatory criteria to make classification decisions among detainees." That is to say, respondent believes a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution. **We reject this argument**. […] In a § 1983 suit or a *Bivens* action--where masters do not answer for the torts of their servants--the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct. In the context of determining whether there is a violation of a clearly established right to overcome qualified immunity, **purpose rather than knowledge is required** to impose *Bivens* liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities.

Iqbal at 677 (emphasis added). Like the dissent in Rizzo, the dissent in Iqbal had no difficulty understanding the majority's holding:

> Lest there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely. The nature of a supervisory liability theory is that the supervisor may be liable, under certain conditions, for the wrongdoing of his subordinates, and it is this very principle that the majority rejects.

Iqbal at 693 (J. Souter, *dissenting*) (emphasis added).

In 1977, the year after Rizzo was decided, the Third Circuit acknowledged, "*Rizzo's* focus was on the absence of any evidence […] of participation by the named defendants in a plan or scheme to suppress constitutional rights." Lewis v. Hyland, 554 F.2d 93, 98 (3d Cir. 1977), *cert. denied*, 434 U.S. 931 (1977). In 1986, the Third Circuit noted:

9

> In *Rizzo v. Goode*, […], the Supreme Court addressed and rejected the argument that a supervising public official has an affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates. It held that ***even where a pattern of constitutional violations by subordinates is shown, supervising officials do not violate the constitutional rights of the victims of such misconduct unless they have played an "affirmative part" in that misconduct.*** *Id.* at 377.

Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986) (emphasis added). In Chinchello, the Third Circuit went on to summarize its holdings after Rizzo:

> In *Commonwealth of Pennsylvania v. Porter*, 659 F.2d 306 (3d Cir. 1981), *cert. denied*, 458 U.S. 1121 (1982), this court, sitting *in banc*, again addressed the issue of whether there is an affirmative constitutional duty to supervise. In the *Porter* case, the members of a Borough Council had a duty under state law to oversee the affairs of the Borough police department. They received complaints about a series of incidents in which one department officer had violated the constitutional rights of citizens, but they took no disciplinary or other action to discourage repetition of the same conduct in the future. We reversed the district court's judgment against the Council members based on a finding that they had violated the plaintiffs' constitutional rights. We held that to be legally responsible, supervising officials "must have played an affirmative role in the deprivation of the plaintiffs' rights," noting that "the officials' misconduct cannot be merely a failure to act." 659 F.2d at 336. […] [W]e concluded that they had not violated the plaintiffs' rights despite their knowledge of a pattern of misconduct by one of their subordinates.

Id.

> Prior to March of 1983, we applied this principle a third time to claims against public officials who had allegedly failed to train, supervise and discipline their subordinates. *Black v. Stephens*, 662 F.2d 181 (3d Cir. 1981), *cert. denied*, 455 U.S. 1008 (1982). We held, once again, that while supervising public officials may not in any way authorize, encourage, or approve constitutional torts, they have no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct.

Id. "*Rizzo* and its pre-March 1983 progeny in this Circuit demonstrate that there is no affirmative duty to train, supervise and discipline subordinates." Id. at 134.

"It is elementary that a defendant in a civil rights action must have personal involvement in the alleged wrongdoing […]." DeGroat v. DeFebo, 87 F. Supp. 3d 706, 724 (M.D. Pa. 2015), *citing,* Evancho v. Fisher at 353. "This remains true despite allegations of a pattern of constitutional violations; the supervising official must have played an 'affirmative part' in the misconduct.'" Id., *citing*, Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986); Hicks v. Camden Cty., Civil Action No. 16-3436 (JBS/JS), 2017 U.S. Dist. LEXIS 1891, at *8 (D.N.J. Jan. 6, 2017) ("[B]ecause [the supervisory defendants] failed to adequately track excessive force complaints does not establish personal involvement or actual knowledge of and acquiescence in [the officer's] conduct."). "[I]n the context of police action, an official's mere -- and even callous -- inaction in the face of subordinate officers' unconstitutional actions clearly does not suffice to render the official liable for those actions." Brown v. Grabowski, 922 F.2d 1097, 1119-20 (3d Cir. 1990).

Presently, in the Third Circuit, there are two theories under which a supervisor may be individually liable. The first theory suggests that a policymaker (or supervisor) may be individually liable if it is shown that the defendant, "with deliberate indifference to the consequences, *established* and maintained a policy, practice or custom which *directly* caused [the] constitutional harm." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (internal citations and quotations omitted) (emphasis added). In other words, the supervisor defendant had to have affirmatively established a policy or practice whereby a constitutional violation was guaranteed to occur if followed by his subordinates. Failing to take action is not affirmative conduct. It is not enough to allege that some policies were inadequate, or that the training and supervision was

11

deficient. There is "no affirmative constitutional duty to train, supervise or discipline so as to prevent such [unconstitutional] conduct." Chinchello at 133. The SAC does not plead any facts which show any affirmative conduct by Albino in establishing a policy, practice, or custom which directly caused the Plaintiff's alleged constitutional violation. The SAC only generally alleges Albino failed to implement adequate policies regarding medical care at the Cumberland County Jail.

The second theory for supervisory liability "provides that a supervisor may be personally liable under § 1983 if he or she [1] participated in violating the plaintiff's rights, [2] directed others to violate them, or, [3] as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. at 586, *citing*, Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995). The second theory requires personal participation in the underlying constitutional tort. "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a 'plausible nexus' or 'affirmative link' between the [directions] and the specific deprivation of constitutional rights at issue." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"[L]ike an Eighth Amendment conditions-of-confinement claim by a convicted prisoner, a Fourteenth Amendment conditions-of-confinement claim by a pretrial detainee requires a showing of deliberate indifference on the part of prison officials." Ealy v. Schell, No. 3:24-CV-0126, 2024 U.S. Dist. LEXIS 64990, at *15 (M.D. Pa. Apr. 9, 2024); *citing*, Edwards v. Northampton Cnty., 663 F. App'x 132, 135 (3d Cir. 2016) (*citing*, Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991)). "[A] plaintiff

12

must allege that he was incarcerated under conditions imposing a substantial risk of serious harm, and that the defendants were deliberately indifferent to that risk." Wholaver v. Sorber, No. 22-3190, 2023 U.S. App. LEXIS 29896, at *2 (3d Cir. Nov. 9, 2023), *citing*, Farmer v. Brennan, 511 U.S. 825, 834 (1994); Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020). "Deliberate indifference requires that a defendant knew of and disregarded an excessive risk to inmate health and safety." Id., at *2-3, *citing*, Farmer at 837. The same is true for medical care claims. *See*, Ealy at *16. ("[I]t does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical care claims versus those raised by incarcerated individuals under the Eighth Amendment."); *citing*, Thomas v. City of Harrisburg, 88 F.4th 275, 281 & n.23 (3d Cir. 2023); Parker v. Butler Cnty., 832 F. App'x 777, 780 & n.1 (3d Cir. 2020). "[D]efendants in civil rights actions 'must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" Wholaver v. Sorber, No. 22-3190, 2023 U.S. App. LEXIS 29896, at *5 (3d Cir. Nov. 9, 2023), *quoting*, Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007); Quinones v. Commissioner, No. 23-CV-5176, 2024 U.S. Dist. LEXIS 47958, at *3 (E.D. Pa. Mar. 19, 2024) (holding the complaint was insufficient where the plaintiff "only alleged conduct by the 'Defendants' collectively, rather than describe the actions undertaken by each person he named.").

    The SAC does not allege facts indicating Director Albino had any personal knowledge of Plaintiff's medical issues or that Albino had any personal role in Plaintiff's

13

medical care. The SAC does not allege any facts which could support an individual capacity supervisory liability claim against Albino based on the second theory requiring personal involvement in the underlying constitutional tort.

### III. CONCLUSION

Based on the foregoing, Plaintiff's 42 U.S.C. 1983 claims and analogous New Jersey Civil Rights Act claims against Director Albino in the Second Amended Complaint should be dismissed, with prejudice.

Respectfully submitted,

/s/ *Greg DiLorenzo, Esq.*